UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL COMBS, an individual,

      Plaintiff,

v.

PEACEHEALTH, a corporation,

      Defendant

Case No. 6:23-cv-01673-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Plaintiff Michael Combs ("Plaintiff") brings this religious discrimination claim against his former employer, Defendant PeaceHealth ("Defendant"). Plaintiff alleges Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5 (Second Claim for Relief) and Or. Rev. Stat. § ("ORS") 659A.030 (First Claim for Relief) by failing to reasonably accommodate his religious beliefs when he objected to taking the COVID-19 vaccine. Defendant moves for summary judgment (ECF No. 16) on Plaintiff's claims. For the following reasons, Defendant's motion is granted.

## BACKGROUND

    Defendant is a not-for-profit Catholic healthcare system with approximately 16,250 employees in medical centers, hospitals, and clinics across Alaska, Washington, and Oregon. Le

Decl. ¶ 3, ECF No. 20. Its mission is to promote personal and community health through safe and compassionate care. Le Decl. ¶ 5, Ex. 1.

In early 2020, the SARS-CoV-2 virus, and the COVID-19 infection it causes, began spreading in Oregon. Koekkoek Decl. ¶¶ 4-5, ECF No. 18. Defendant mitigated exposure risks using screening, testing, masking, other forms of personal protective equipment ("PPE"), and social distancing. Le Decl. ¶ 7; Kroll Decl. ¶ 5, ECF No. 19. Once COVID-19 vaccines became available in December 2020, Defendant encouraged its employees to get vaccinated. Le Decl. ¶ 8; Kroll Decl. ¶ 6.

In the summer of 2021, a more transmissible and deadly Delta variant hit Oregon communities and hospitals. Koekkoek. ¶ 10. The number of COVID-19 cases increased by 300% nationwide. Koekkoek Decl. ¶ 33, Ex. 12 at 1. On August 3, 2021, Defendant announced it would require all employees to be fully vaccinated against COVID-19 by September 1, 2021, if able, and to show proof of COVID-19 vaccination or submit a medical or religious exemption on or before August 31, 2021. Koekkoek Decl. ¶ 29; Le Decl. ¶ 10, Ex. 2 at 5.

Defendant established a committee to review religious exemption requests and began processing such requests. Le Decl. ¶ 18. When Defendant approved a request for religious exemption, the employee's HR partner or supervisor initiated an interview with the employee. Le Decl. ¶ 21. Defendant placed exempted employees who could not work fully remotely on unpaid leave, permitting use of remaining PTO and continuing their health benefits coverage through the later of November 30, 2021, or the end of the month in which they exhausted PTO. Le Decl. ¶ 23.

Defendant employed Plaintiff as a Food Service Assistant from 2014 to 2020, and then a Surgical Support Aide. Le Decl. ¶ 29. Plaintiff's job duties included setting up and pulling

instruments and supplies for surgical procedures, cleaning and disinfecting equipment, transporting patients and specimens, and restocking inventory. Le Decl. ¶ 29, Ex. 13 at 1. Plaintiff requested a religious exemption to Defendant's COVID-19 vaccine requirement, which Defendant approved. Le Decl. ¶ 30, Ex. 14. Plaintiff's supervisor and HR partner interviewed Plaintiff to process his request and determined that he could not perform his duties remotely. Le Decl. ¶ 31, Ex. 15. On September 1, 2021, Defendant placed Plaintiff on unpaid administrative leave. Le Decl. ¶ 32. Plaintiff filed his Complaint on November 13, 2023, alleging that Defendant failed to reasonably accommodate his religious opposition to receiving a COVID-19 vaccine in violation of Title VII and ORS 659A.030.

## STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved

against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## DISCUSSION

Before turning to the merits of Defendant's motion, the Court notes that the motion was unopposed by Plaintiff, who failed to file a response. Nevertheless, an unopposed motion for summary judgment does not automatically entitle the movant to judgment as a matter of law. In such cases, summary judgment should not be granted "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

Plaintiff brings religious discrimination claims based on Defendant's alleged failure to reasonably accommodate his religiously based opposition to receiving a COVID-19 vaccine. Defendant moves for summary judgment on the grounds that there is no genuine dispute that, under the circumstances, allowing Plaintiff to work in person in a healthcare setting would have been an undue hardship and that Defendant reasonably accommodated Plaintiff with unpaid leave.

Until recently, some lower courts interpreted *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977) as holding that an undue hardship under Title VII is merely something more than *de minimis*. *Groff v. DeJoy*, 600 U.S. 447, 471 (2023). In *Groff v. DeJoy*, 600 U.S. 447 (2023), the Supreme Court clarified that under Title VII, an "'undue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Id.* at 468. Whether a burden is substantial is a fact-specific inquiry that should be resolved in a "common-sense manner." *Id.* at 471. Under the *Groff* standard, "courts must apply the test in a manner that takes into account all relevant factors in the case at hand." *Id.* at 470. For example, courts may consider "the particular

accommodations at issue and their practical impact in light of the nature, size, and operating cost of an employer." *Id.* (citation to record and alterations omitted). Consistent with this contextualized and common-sense approach, when conducting an undue hardship analysis, the Court finds it appropriate to consider the following factors: (1) the information available at the time the defendant made its accommodation decision; (2) economic and non-economic costs of the accommodation; and (3) the cumulative or aggregate effects of an accommodation requested by multiple, similarly situated employees.[1]

Pre-*Groff* EEOC guidance on the undue hardship standard remains instructive. *Id.* at 471 (rejecting full adoption of EEOC's pre-*Groff* interpretation of undue hardship but explaining a "good deal of the EEOC's guidance in this area is sensible and will, in all likelihood, be unaffected by" the Court's clarifying decision). Specific to evaluating undue hardship in the context of COVID-19 vaccinations, the EEOC provides sensible and relevant guidance consistent with *Groff*:

> Considerations relevant to undue hardship can include, among other things, the proportion of employees in the workplace who already are partially or fully vaccinated against COVID-19 and the extent of employee contact with non-employees, whose vaccination status could be unknown or who may be ineligible for the vaccine. (§ K.12, Updated May 28, 2021).

> Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business—including, in this instance, the risk of the spread of COVID-19 to other employees or to the public. . . . An employer cannot rely on speculative or hypothetical hardship when faced with an employee's religious objection but, rather, should rely on objective information. Certain common and relevant considerations during the COVID-19 pandemic include, for example, whether the employee requesting a religious accommodation to a COVID-19 vaccination requirement works outdoors or indoors, works in a solitary or group work setting, or has close contact with other employees or members of the public (especially medically vulnerable individuals). Another relevant

---

1 For a thorough and well-reasoned explanation of these three factors and their relation to *Groff*, *see Lavelle-Hayden v. Legacy Health*, No. 3:22-CV-01752-IM, 2024 WL 3822712, at *8–*10 (D. Or. Aug. 14, 2024).

consideration is the number of employees who are seeking a similar accommodation, i.e., the cumulative cost or burden on the employer. (§ L.3, Updated March 1, 2022).

*What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws,* EEOC (last visited September 25, 2024), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-adarehabilitation-act-and-other-eeo-laws [https://perma.cc/73RS-7L62].

Here, Defendant asserts that for employees who could not work fully remotely, any accommodation other than leave created an undue hardship by significantly increasing the health and safety risks of its employees and patients. Defendant's motion is supported by the declarations of Dr. Koekkoek, Defendant's Chief Physician and Clinical Executive; Catherine Kroll, Defendant's System Director of Infection Prevention; and Caroline Le, Defendant's Program Director for HR Integration. Koekkoek Decl. ¶ 2, Kroll Decl. ¶ 2, Le Decl. ¶ 2. This Court has already summarized and analyzed this virtually identical record in four other cases brought by Defendant's employees: *Sano v. PeaceHealth*, Inc., No. 6:22-CV-01210-MTK, 2024 WL 4979429 (D. Or. Dec. 4, 2024); *Goff v. PeaceHealth*, No. 6:22-CV-01991-MTK, 2024 WL 4979432 (D. Or. Dec. 4, 2024); *Parsons v. PeaceHealth*, No. 6:22-CV-01246-MTK, 2024 WL 4979430 (D. Or. Dec. 4, 2024); and *Parker v. PeaceHealth*, No. 6:23-CV-00450-MTK, 2024 WL 4993472 (D. Or. Dec. 5, 2024). In those cases, the Court found that "there is no genuine dispute of material fact that any accommodation other than leave would have posed an undue hardship on Defendant. *Sano*, 2024 WL 4979429 at *9; *Goff*, 2024 WL 4979432 at *9; *Parsons*, 2024 WL 4979430 at *9; *Parker*, 2024 WL 4993472 at *9.

The Court has reviewed the record in this case and sees no reason to depart from its evaluation of the similar evidence in those cases. There are no facts particular to this Plaintiff

that warrant a different outcome, particularly in light of Plaintiff's failure here—unlike in those cases—to present any evidence or argument in opposition to Defendant's motion. Thus, based on the record, the reasons articulated in Defendant's motion, and the reasons set forth in the prior PeaceHealth decisions cited above, Defendant has successfully established the affirmative defense of undue hardship and its motion for summary judgment is therefore granted.

## CONCLUSION

For the reasons above, Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED.

DATED this <u>14th</u> day of January 2025.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge